# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA MUELLER,<br><br>　　　　　　Defendant. | Case No. 14-CR-44-1-JPS<br><br>**ORDER** |

　　　　Defendant Mueller ("Defendant"), whom this Court sentenced to a total term of 186 months of imprisonment in July 2014, *see* ECF No. 50, moves the Court to amend the sentencing judgment in this case to reflect her legal name change. ECF No. 133. Defendant provides that "her name was changed pursuant to the Standards of Care assigned by the World Professional Association of Transgender Health" in March 2025. *Id.* at 1; *see also id.* at 2 (judgment reflecting legal name change).

　　　　As grounds for the motion, she asserts that "[i]n this circuit[,] the alteration of the sentencing documents is at the discretion of th[e] court." *Id.* at 1 (citing *United States v. Baker*, 415 F.3d 1273 (11th Cir. 2005)). However, the case to which she cites in support of that proposition is not from this circuit, and it involved a prisoner's First Amendment interest in using "his religious name," which is not at issue here. *Baker*, 415 F.3d at 1273–74. *Baker* actually supports the denial of Defendant's motion; the court there held that "although an inmate is entitled to prospective recognition of a legal name change, . . . an inmate is not entitled to have documents that pre-dated his legal name change altered." *Id.* at 1274. Other circuits and

district courts have concluded the same. *See United States v. White,* 490 F. App'x 979, 981–82 (10th Cir. 2012) (affirming district court's denial of inmate's motion for district court to amend the judgment in his criminal case to reflect his legal name change and concluding that inmates are "not constitutionally entitled to that relief"); *United States v. Varner,* 948 F.3d 250, 253 (5th Cir. 2020) (noting that "a district court has authority to correct a sentence under Federal Rule of Criminal Procedure 35 and to correct clerical mistakes in judgments . . . under Federal Rule of Criminal Procedure 36" and concluding that the inmate's request "to change the name on his judgment of commitment" following his post-judgment name change "d[id] not fall under either rule"); *United States v. Langan*, No. 2:96-cr-15, 2024 U.S. Dist. LEXIS 220408, at *3–4 (S.D. Ohio Dec. 5, 2024) ("An inmate who changes his name does not have a right to have documents, such as the criminal judgment, which pre-dated his legal name change altered to reflect the newly-adopted name." (citing *Baker*, 415 F.3d at 1274; *White*, 490 F. App'x at 981; and *Varner*, 948 F.3d at 254)). Having found no other authority, in circuit or out, suggesting that the Court has the authority to grant Defendant the relief that she seeks, the Court will deny her motion.

The Court will also address Defendant's assertion that "[t]he Federal Bureau of Prisons requires the court [to] amend the judgment in order to recognize the legal name in agency records." ECF No. 133 at 1 (citation omitted). This does not appear to be an accurate characterization. Although the Bureau of Prison's Correctional Systems Manual provides that its SENTRY Inmate Management System "must reflect the [inmate's] committed name," which is the "name entered on the [judgment and commitment order]," inmates may nevertheless "adopt name changes in accordance with . . . lawful means." FED. BUREAU OF PRISONS, *Correctional*

*Systems Manual* § 402(d) (2009). In the case of a legal name change, the inmate must "provide CSD staff with verifiable documentation of the name change which will be entered by staff in the SENTRY 'legal' name field." *Id.* The inmate's legal name will in that case be recognized along with, rather than instead of, the inmate's committed name. *See id.* ("A 'true' name will be entered into SENTRY as an alias.").

Accordingly,

**IT IS ORDERED** that Defendant Joshua Mueller's motion to amend the sentencing judgment to reflect her legal name, ECF No. 133, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge