# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JOSHUA MUELLER,<br><br>      Defendant. | Case No. 14-CR-44-1-JPS<br><br>**ORDER** |

   In March 2025, Defendant Mueller ("Defendant") moved the Court to amend the sentencing judgment in this case to reflect her legal name change. ECF No. 133. The Court denied the motion based on authority that "an inmate is not entitled to have documents that pre-dated h[er] legal name change altered." ECF No. 137 at 1–2 (quoting *United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005) and collecting cases). Defendant now moves the Court to compel the Bureau of Prisons (the "BOP") "to enter [her] legal name . . . 'Alishea Kingdom' as her 'legal name' in the SENTRY system." ECF No. 140 at 1.

   As the Court noted in its previous order, the BOP's Correctional Systems Manual provides that its SENTRY Inmate Management System "must reflect the [inmate's] committed name," which is the "name entered on the [judgment and commitment order]." FED. BUREAU OF PRISONS, *Correctional Systems Manual* § 402(d) (2009). Inmates may nevertheless "adopt name changes in accordance with . . . lawful means," as Defendant has done. *Id.*; *see* ECF No. 133 at 2. In the case of a legal name change, the inmate must "provide . . . staff with verifiable documentation of the name

change which will be entered by staff in the SENTRY 'legal' name field." FED. BUREAU OF PRISONS, *Correctional Systems Manual* § 402(d) (2009). The inmate's legal name will then be recognized along with the inmate's committed name. *See id.* ("A 'true' name will be entered into SENTRY as an alias.").

Defendant does not indicate in her motion whether she has "provide[d] . . . staff with verifiable documentation of [her] name change." *Id.* Because it is not clear whether she has properly sought that the BOP recognize her legal name change, the Court declines at this juncture to intervene, assuming that it has the authority to do so. *See United States v. Diamond,* 615 F. Supp. 3d 332, 335 (E.D. Penn. 2022). If, after making such a request to the BOP through the appropriate channels and providing BOP staff with verifiable documentation of her legal name change, the BOP refuses to recognize the legal name change in accordance with its *Correctional Systems Manual*, Defendant may renew her motion with the Court. Should that be the case, Defendant should accompany the renewed motion with evidence—for example a declaration, affidavit, or screenshots/copies of communications—that she provided BOP staff with verifiable documentation of her name change and made her request to the BOP through the correct channels.

Defendant also requests that the docket in CM-ECF reflect her legal name change. ECF No. 140 at 1. The Court will grant that request.

Accordingly,

**IT IS ORDERED** that Defendant Mueller's motion to compel the Bureau of Prisons to change prison records to reflect her legal name change, ECF No. 140, be and the same is hereby **GRANTED in part** and **DENIED without prejudice in part**; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall **UPDATE** the docket to include Defendant Mueller's legal name of Alishea Kingdom.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge